

FILED
AUG 21 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 06-40130 |
| | \* | |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER RE: MAGISTRATE'S |
| | \* | REPORT AND RECOMMENDATION, |
| JONATHAN LUKEN, | \* | MOTION TO DISMISS, AND |
| | \* | CONDITIONAL PLEA |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are Defendant Jonathan Luken's objections (Doc. 37) to Magistrate John E. Simko's Report and Recommendation (Doc. 33) denying Defendant's motion to suppress evidence (Doc. 19), Defendant's motion to dismiss the Indictment (Doc. 44), and Defendant's motion to enter a conditional plea to the charge of knowingly possessing computer files that contain images of child pornography (Doc. 39). The Court requested and received briefing regarding case law within the Eighth Circuit relating to deleted child pornography images. *See United States v. Stulock*, 308 F.3d 922, 925 (8th Cir. 2002); *United States v. Johnson*, 2006 WL 2548913 (N.D.Iowa)(not reported in F.Supp.2d). The Court then held a hearing on Monday, July 16, 2007, at which time issues relating to the knowing possession of computer files was addressed by testimony and argument. After considering the testimony, exhibits, arguments, applicable law and all documents on file, the Court is issuing this Memorandum Opinion and Order.

## FACTUAL AND PROCEDURAL BACKGROUND

After Immigration and Customs Enforcement received information that Defendant, Jonathan Luken, had used credit cards to purchase child pornography in 2002 and 2003, South Dakota law enforcement officials were notified. On July 25, 2006, Agent Boone from the South Dakota Division of Criminal Investigation and two other law enforcement officers met Defendant at his place of employment in North Sioux City, South Dakota, and asked to speak to him and to look at his Gateway 700x computer at his residence in North Sioux City. No Miranda warning was given

Defendant, and Defendant agreed to speak to Agent Boone. Defendant advised Agent Boone that he had used his computer several years prior to purchase child pornography, and that he had downloaded the purchased pornography, viewed it and then immediately deleted the purchased pornography. Defendant stated that recently he was only looking at free websites and he was pretty sure that there were no saved images on his computer.

Agent Boone explained to Defendant that a file was never really deleted from the computer, but only the file showing the location of the file was deleted. Agent Boone requested from Defendant his permission to look at Defendant's computer and to have the computer forensically examined. Agent Boone explained to Defendant that in the forensic process law enforcement would look for files that were deleted or in temporary Internet files and that special software would be used to recover any deleted files. With Defendant's approval, Agent Boone then secured the tower portion of Defendant's computer. Defendant signed a consent form which states: "On 7-25-06 I, John Luken, give law enforcement the permission to seize and view my Gateway computer."

Agent Boone testified that only after speaking with Defendant did he believe there was probable cause for a search warrant. After securing Defendant's computer Agent Boone then applied for and received a search warrant for the computer from a State Court Judge. The application for the search warrant and the search warrant itself identified the property subject to the search warrant as:

> "Contraband, the fruits of crime, or things otherwise criminally possessed," and
> "Property designed or intended for use in, or which is or has been used as the means of committing a criminal offense."

Neither the application for the search warrant nor the search warrant itself checked the property description of "Property that constitutes evidence of the commission of a criminal offense." The Search Warrant ordered that the Search Warrant be executed within 10 days.

The hard drive of Defendant's computer was mailed to a lab in Pierre within a couple of days after it was taken from Defendant, but then mailed back to Agent Boone approximately four weeks later because the lab was too far behind. The hard drive was then imaged, or copied byte for byte,

2

and the image was then loaded into a software program called Forensic Tool Kit for analysis. In conducting the forensic analysis Agent Boone observed 200 images which he considered to be child pornography. He then took a random sampling of 41 images from the 200 images. None of these images were found in any of the Temporary Internet Files folders. Instead, these images were found on the thumbs.db file, i.e, thumbs database. Thirty three of the images show a computer file path of "Documents and Settings\Jon\My Documents\My Music." Agent Boone has opined in his affidavit (Doc. 46-2) and in his testimony at the July 16, 2007, hearing that the only way for the computer to create a file in a thumbs.db database is for a computer user to purposely save or download an image onto the computer's hard drive and view the image in a thumbnail view.[1] Agent Boone has also opined that the thumb.db files found with the "Documents and Settings\Jon\My Documents\My Music" file path indicate that those images were purposefully stored at the file folder location by a computer user and that these files were then deleted.

In an Indictment which was filed on December 13, 2006, Defendant was indicted for one count of possession of child pornography. The Indictment states in part: "On or about between March 20, 2005 and July 25, 2006, at North Sioux City, in Union County, in the District of South Dakota, defendant Jonathan Luken, did knowingly possess computer files that contained images of child pornography ... ."

Defendant filed a motion to suppress (Doc. 19) alleging that he was seized and in custody at the time of his July 25, 2006, interview, and that the seizure was not justified by any preexisting probable cause and was therefore unconstitutional under the Fourth Amendment. Defendant also alleged that he should have been, but was not given a *Miranda* warning or even a complete set of *Griffin* warnings, and that the affidavit in support of the search warrant was based on information gained from an un*Mirandized* statement made during an unconstitutional seizure. Defendant further contended that the forensic examination of the hard drive exceeded the time limits imposed by the terms of the search warrant and also exceeded the scope of the search set forth in Defendant's

---

[1] Webopedia Computer Dictionary defines a thumbnail as "a miniature display of a page to be printed," which allows the user "to view the layout of many pages on the screen at once."

3

consent statement. Defendant maintained that under the totality of the circumstances, Defendant's consent was not voluntary. Doc. 21. Magistrate John E. Simko's Report and Recommendation rejected all of the above arguments and recommended denial of Defendant's motion to suppress evidence. Doc. 33. With regard to the afore-mentioned issues, the Court adopts the reasoning and conclusions in the Report and Recommendation.

In addition to the issues described in the preceding paragraph, Defendant raised an additional issue at the suppression hearing which had not been previously briefed, and then presented this issue in Defendant's Supplemental Brief Following Suppression Hearing (Doc. 30). In this issue Defendant pointed out that both the search warrant affidavit and the warrant itself had boxes to check indicating whether the search was for "evidence," "contraband," or both, and both documents had checkmarks in the "contraband" box, but neither had a checkmark in the "evidence" box. Defendant maintained that since the testimony and the exhibits at the suppression hearing showed that none of the approximately 41 images at issue was located in a file which could be accessed on Mr. Luken's computer monitor without forensic software comparable to that used by Agent Boone, and since Defendant did not possess any such forensic software, that Defendant did not possess contraband and that the search also exceeded the scope of the search warrant in this regard. The Magistrate's Report and Recommendation, in rejecting this argument, relied upon *United States v. Romm*, 455 F.3d 990, 998 (9th Cir. 2006), and *United States v. Tucker*, 305 F.3d 1193 (10th Cir. 2002). In the *Romm* case, in which the defendant knew about the cache files on his computer and had taken steps to access and delete them, the Ninth Circuit Court of Appeal opined as follows:

> In the electronic context, a person can receive and possess child pornography without downloading it, if he or she seeks it out and exercises dominion and control over it. *See United States v. Tucker*, 305 F.3d 1193, 1204 (10th Cir.2002), cert. denied, 537 U.S. 1223, 123 S.Ct. 1335, 154 L.Ed.2d 1082 (2003) (" Tucker II "). Here, we hold Romm exercised dominion and control over the images in his cache by enlarging them on his screen, and saving them there for five minutes before deleting them. While the images were displayed on Romm's screen and simultaneously stored to his laptop's hard drive, he had the ability to copy, print, or email the images to others. Thus, this evidence of control was sufficient for the jury to find that Romm possessed and received the images in his cache.

455 F.3d at 998.

In Defendant's Objection 14 to the Magistrate's Report and Recommendation Defendant

4

maintained that the above case law relied upon by the Magistrate did not involve a situation in which a defendant is ignorant of the fact this his web browser cached unlawful images. Defendant moved the Court to schedule a change of plea hearing following the Court's ruling on Defendant's Objections to the Report and Recommendation on Defendant's suppression motion. Doc. 39. Defendant has entered into a plea agreement which involves a conditional plea to the charge of knowingly possessing computer files that contain images of child pornography. Doc. 40. The Factual Basis Statement for the proposed conditional plea states in part: "On July 25, 2006, at the defendant's residence in North Sioux City, South Dakota, the defendant Jonathan Luken, knowingly possessed thirty-three (33) images of child pornography that were contained within his computer."

Defendant has also moved to dismiss the Indictment. Doc. 44. The motion to dismiss states, "In the Eighth Circuit, 'one cannot be guilty of possession for simply having viewed an image on a website, thereby causing the image to be automatically stored in the browser's cache, without having purposely saved or downloaded the image.' *United States v. Stulock*, 308 F.3d 922, 925 (8th Cir. 2002)." Files stored in the "Temporary Internet Files" folder or cache are created automatically by the Microsoft web browser Internet Explorer so that if the site is revisited it comes up more quickly. These files are created by the Internet Explorer during the normal course of web browsing without any action of the computer user, or unless a sophisticated computer user is involved, without even any knowledge of the computer user. There is no evidence that Defendant is a sophisticated computer user.

## WHETHER EIGHTH CIRCUIT LAW REQUIRES SUPPRESSION OF THE EVIDENCE FOUND ON THE HARD DRIVE OF DEFENDANT'S COMPUTER AND DISMISSAL OF THE INDICTMENT?

In *United States v. Stulock,* 308 F.3d 922 (8th Cir.2002), the defendant was convicted after a bench trial of knowingly receiving a child pornography videotape, but was acquitted on the charge of knowingly possessing child pornography. The possession charge in the *Stulock* case specified only the images found in the browser cache of the defendant's computer. The district court, in acquitting the defendant of the possession charge, explained that one cannot be guilty of possession for simply having viewed an image on a web site, thereby causing the image to be automatically

stored in the browser's cache, without having purposely saved or downloaded the image. The Government did not appeal from the trial court's ruling regarding the possession charge. Although the Eighth Circuit's opinion set forth the holding of the district court regarding the acquittal on the possession charge, the Eighth Circuit did not clearly hold that an image automatically stored in a browser's cache cannot support a conviction for possession of child pornography. 308 F.3d at 925.

In *United States v. Johnson*, 2006 WL 2548913, at *3 (N.D.Iowa,2006), the district court, after citing *United States v. Stulock*, 308 F.3d 922 (8th Cir.2002), stated, "The government apparently concedes that Defendant cannot be convicted of possession or receipt of child pornography on the basis of the deleted child pornography found in the Temporary Internet Files folder." Also, in *United States v. Kuchinski*, 469 F.3d 853 (9th Cir. 2006), the Ninth Circuit held that for sentencing purposes the defendant did not knowingly receive and possess child pornography images found in his computer's Temporary Internet files. In reaching that holding the Ninth Circuit explained,

> Where a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images. To do so turns abysmal ignorance into knowledge and a less than valetudinarian grasp into dominion and control.

469 F.3d at 863.

In the case at hand, however, both Agent Boone and the Defendant's expert, Sean Fahey, Computer Systems Administrator for the Office of the Federal Public Defender for the Districts of South Dakota and North Dakota, agree that none of the images of child pornography found on Defendant's computer were found in "Temporary Internet Files," but rather the files were located in the thumbs database with a computer path of: "Documents and Settings\Jon\My Documents\My Music." With the information available to him at the time of the July 16, 2007, hearing, Sean Fahey could not substantially dispute Agent Boone's opinion that the only way Defendant could have created a file in a thumbs.db database was to have purposely saved or downloaded an image onto the computer's hard drive and viewed the image in a thumbnail view.

6

Even if the Court were to accept Defendant's limited definition of contraband and the facts were different than what has been presented, the Court cannot ignore that the search warrant also identified as subject to the search, "Property designed or intended for use in, or which is or has been used as the means of committing a criminal offense." Under the facts of this case the hard drive of Defendant's computer is consistent with the property identified as subject to search in the Search Warrant. Defendant's objections to the Magistrate's Report and Recommendation regarding suppression are thus overruled.

A person who knowingly has ownership, dominion or control over contraband or the place in which contraband is concealed has actual possession of it. A person who, although not in actual possession of a thing, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it. Proof of constructive possession suffices to prove knowing possession. *See United States v. Timlick*, 481 F.3d 1080, 1084 (8th Cir. 2007)(case involving possession of methamphetamine with intent to distribute). Evidence that Defendant purposely saved or downloaded child pornography images onto the computer's hard drive and viewed the images in a thumbnail view suffices to establish knowing possession of child pornography.

In addition, as the Court stated at the July 16, 2007, hearing, the concerns raised in Defendant's motion to dismiss are sufficiency of the evidence concerns that generally are not properly raised in a motion to dismiss or prior to trial. See *United States v. Ferro*, 252 F.3d 964, 967-68 (8th Cir. 2001)(if indictment contains factually sufficient allegations, federal criminal procedure does not provide for a determination of sufficiency of the evidence prior to trial). The file sharing issues raised at the hearing would be more appropriately presented as a defense at trial as opposed to presenting a basis for dismissal of the indictment.[2] For these reasons, the motion to dismiss is denied.

---

[2] The Court notes that at the March 26, 2007, suppression hearing, Agent Boone testified that there was no indication of file-sharing software in this case. Suppression Transcript, p. 63.

7

## WHETHER THE COURT WILL ACCEPT THE CONDITIONAL PLEA AS IT IS NOW PRESENTED?

Rule 11(a)(2) of the Federal Rules of Criminal Procedure provides in part that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."[3] In this case Defendant has entered into a plea agreement reserving his write to seek appellate review of an adverse decision on his motion to suppress. Doc. 40. The Court is free to reject a conditional plea for any or no reason. *See United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007).

Before entering judgment on any plea, the Court must determine that there is a factual basis for the plea. *See* FED. R. CRIM. P. 11(b)(3). Although the Indictment establishes the date of the offense as on or about between March 20, 2005, and July 25, 2006, the factual basis for the plea sets forth the date of the offense as July 25, 2006. The forensic report and the testimony at the July 16, 2007, hearing establish that the "last modified date" or the date on which Defendant took some action other than viewing the images occurred prior to July 25, 2006. The Court is rejecting the conditional plea as it is now presented but is allowing the Defendant until August 30, 2007, to present an amended factual basis statement which conforms to the evidence regarding the dates of knowing possession. Accordingly,

IT IS ORDERED:

1. That the Magistrate's Report and Recommendation (Doc. 33) denying Defendant's motion to suppress evidence is adopted for the reasons set forth in this opinion;

2. That Defendant's Objections (Doc. 37) to the Magistrate's Report and Recommendation denying Defendant's motion to suppress evidence are overruled;

3. That Defendant's Motion to Dismiss Indictment (Doc. 44) is denied;

---

[3]Rule 11(a)(2) further provides: "A defendant who prevails on appeal may then withdraw the plea.."

8

4. That the Court is at this time denying Defendant's Motion for Change of Plea (Doc. 39), but that Defendant shall have until August 30, 2007, to present an amended factual basis statement which conforms to the evidence regarding the dates of knowing possession and the Court will then reconsider the matter;

5. That the jury trial herein shall commence in Sioux Falls, South Dakota, on Tuesday, September 25, 2007, with counsel to be present for motions in limine at 9:00 A.M., and with the jury to report at 9:30 A.M.; and

6. That the period of delay resulting from the continuance of this case is excluded in computing the time within which the trial of the offense for the Defendant must commence, as the Court finds that the ends of justice served by taking such action outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(1)(J) and (h)(8)(A).

Dated this 21st day of August, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY

9