FILED
NOV 14 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 06-40130 |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER RE: MOTION TO |
| | \* | WITHDRAW PLEA OF GUILTY |
| JONATHAN LUKEN, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is Defendant Jonathan Luken's motion to withdraw plea of guilty. Doc. 63. For the reasons stated in this memorandum opinion the motion is denied.

In an indictment which was filed on December 13, 2006, Defendant was indicted for one count of possession of child pornography. The Indictment states in part: "On or about between March 20, 2005, and July 25, 2006, at North Sioux City, in Union County, in the District of South Dakota, defendant Jonathan Luken, did knowingly possess computer files that contained images of child pornography that had been mailed and shipped and transported in interstate and foreign commerce ... in violation of 18 U.S.C. §§ 2252A(a)(5)(B) ."

Defendant filed a motion to suppress (Doc. 19) on numerous grounds, and the Magistrate issued a Report and Recommendation to deny the motion to suppress. After requesting and receiving additional briefing and holding an evidentiary hearing on issues relating to the knowing possession of computer files, this Court issued a memorandum opinion and order denying the motion to suppress and also denied a motion to dismiss the Indictment. Doc. 55. Defendant entered into a plea agreement which involves a conditional plea to the charge of knowingly possessing computer files that contain images of child pornography. Doc. 40.

The Amended Factual Basis Statement for the conditional plea states in part:

> On or about between March 20, 2005 and July 25, 2006, at the defendant's residence in North Sioux City, South Dakota, the defendant Jonathan Luken, knowingly possessed thirty-three (33) images of child pornography that were contained within his computer. The digital images of child pornography had been transported in interstate commerce via the Internet. Further, the images

>were produced on the defendant's computer that contained material that had been mailed, shipped or transported in interstate and foreign commerce ... .

On September 10, 2007, Defendant appeared before this Court for a Change of Plea hearing. At that hearing the Court questioned Defendant as to his understanding of and agreement with the Amended Factual Basis Statement. The Court further advised Defendant that his plea would be final.

On October 22, 2007, Defendant filed a motion to withdraw his guilty plea. Doc. 63. In his supporting memorandum Defendant argues that he should be allowed to withdraw his guilty plea based on a decision in the Tenth Circuit Court of Appeals, *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007), that was handed down five days before the entry of Defendant's guilty plea.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty after the court accepts the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." *See also, United States v. Jones*, 479 F.3d 975, 977 (8th Cir. 2007). Factors that the Court should consider in determining whether to set aside a defendant's plea of guilty include whether the defendant has demonstrated a fair and just reason, whether the defendant has asserted his innocence, the length of time between the guilty plea and the motion to withdraw, and whether the Government will be prejudiced. *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). If a defendant fails to establish a fair and just reason for withdrawing his guilty plea, the Court need not address the additional considerations. *See United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996).

In *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007), the Tenth Circuit held that a defendant's use of the Internet, standing alone, was insufficient evidence to establish the requisite jurisdictional nexus of movement across state lines or movement in interstate commerce to support convictions under 18 U.S.C. § § 2252(a)(2) and (a)(4)(B) for receipt and possession of images involving the sexual exploitation of minors. Defense counsel states that the *Schaefer* decision caused him to question the validity of the factual basis in Luken's case, and that "Luken is not in a position to state from personal knowledge where [the thumbnail images retrieved from Luken's computer] originated." The *Schaefer* decision, however, does not impose the requirement of a defendant's personal knowledge of the source of pornographic images in order to support a valid guilty plea to possession of child pornography. The *Schaefer* decision merely requires that at a trial for such

2

charges the government must establish that any computer-related movement crossed state lines. 501 F.3d at 1202.

In *United States v. Beck*, 250 F.3d 1163 (8th Cir. 2001), the Eighth Circuit considered an appeal in which a defendant who was convicted after pleading to arson contended that there was an insufficient factual basis for the interstate commerce element to sustain his guilty plea. The Eighth Circuit responded to this argument as follows:

> "The general rule is that a valid guilty plea waives all non-jurisdictional defects. Stated differently, a valid guilty plea forecloses an attack on a conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.' " *Walker v. United States*, 115 F.3d 603, 604 (8th Cir.1997) (quoting *United States v. Vaughan*, 13 F.3d 1186, 1188 (8th Cir.1994)). "[A]bsent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (citation omitted).

*United States v. Beck*, 250 F.3d at 1166.

Defendant does not assert any misrepresentation or other impermissible conduct by state agents. In fact, Defendant has not presented any reason to believe that the Government would not have been able at a trial to present evidence that would establish an interstate nexus for the child pornography charge. In conclusion, Defendant has failed to establish a fair and just reason for withdrawing his guilty plea. Accordingly,

**IT IS ORDERED** that Defendant's motion to withdraw plea of guilty (Doc. 63) is denied.

Dated this 14th November, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)       DEPUTY

3